**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————— )
ASSOCIATED BUILDERS AND )
CONTRACTORS, INC. )
 )
            Plaintiff, )   **Case No. 1:13-cv-01806-EGS**
 )
      v. )
 )
PATRICIA A. SHIU, et. al )
 )
            Defendants. )
 )
 )
 )
———————————————————— )

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN SUPPORT OF PLAINTIFF**

*Amicus curiae*, HR Policy Association ("HR Policy" or the "Association"), respectfully submits this motion for leave to file the attached brief in support of Plaintiff, Associated Builders and Contractors, Inc.'s ("ABC") motion for summary judgment and memorandum in support thereof.

**INTRODUCTION**

HR Policy is requesting leave to file the brief that accompanies this motion as a representative of a broad spectrum of industries subject to oversight and enforcement from the Department of Labor's ("DOL") Office of Federal Contract Compliance Programs ("OFCCP"). The OFCCP itself estimates that it regulates 251,300 contractor establishments, or one-fifth of the entire U.S. labor force, or 26.6 million American workers.[1]  HR Policy member companies employ more than 10 million employees in the United States, nearly nine percent of the private

———————————————
[1] 78 Fed. Reg. at 58714 (2013).

sector workforce, with most of those companies being federal contractors subject to OFCCP regulations.

OFCCP's unprecedented regulations, "Affirmative Action and Nondiscrimination Obligations of Contractors and Subcontractors Regarding Individuals With Disabilities," 78 Fed. Reg. 58682 et. seq. (Sept. 24, 2013) ("Section 503 regulations"), will have a profoundly detrimental impact on the federal contractor community, including HR Policy's members, by disrupting well established statutory and other precedents, and adversely affecting the way federal contracting employers operate and participate in our nation's economy.  HR Policy's attached brief provides additional arguments with respect to the damage that will be done to affirmative action programs and outcomes, and urges this Court to enjoin OFCCP from implementing the unlawful provisions of the Section 503 regulations.

## INTERESTS OF AMICUS CURIAE

As the attached brief discusses in more detail, the present case involves issues of concern to the federal contractor community and to any future employer that provides services under government contract.  HR Policy members represent a wide range of employers who are subject to OFCCP enforcement and, on a daily basis, must ensure compliance with OFCCP requirements.  Therefore, HR Policy has a specific interest in this litigation and the results of this Court's decision.

HR Policy is the leading organization representing chief human resource officers of major employers.  The Association consists of more than 350 of the largest corporations doing business in the United States and globally, and these employers are represented in the organization by their most senior human resource executive.  Collectively, Association member companies employ more than 10 million employees in the United States, and as mentioned previously, nearly nine percent of the private sector workforce, and 20 million employees

worldwide.  They have a combined market capitalization of more than $7.5 trillion.  An important function of HR Policy is so represent the interests of its members before Congress, the Executive Branch and the courts.  As such, HR Policy regularly files *amicus* briefs to raise issues of concern to the employer community.

**REASONS TO PERMIT THIS *AMICUS* BRIEF**

This Court has inherent authority to appoint or deny an *amicus* party, and it is "solely within the court's discretion to determine 'the fact, extent, and manner' of the participation." *Jin v. Ministry of State Security*, 557 F.Supp.2d 131, 136 (D.DC. 2008)(quoting *Cobell v. Norton*, 246 F.Supp.2d 59, 62 (D.D.C. 2003); citing *Smith v. Chrysler Fin. Co., L.L.C.*, 2003 WL 328719, *8 (D.N.J. 2003)).  An *amicus* brief "should normally be allowed when a party is not … represented at all… or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Jin*, 557 F.Supp.2d at 137 (emphasis in original) (citing *Ryan v. Commodity Future Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

The interests of the non-construction federal contractors are not represented in Plaintiff's Motion, and the perspective and information from the other industries affected by the OFCCP's regulation will help the Court to understand the implications of the Section 503 regulations beyond the realm of the construction industry.

In light of the OFCCP's unprecedented regulations, HR Policy member companies face significant burdens and obstacles in complying with these new regulatory requirements, in addition to the fact that they are inconsistent with and contravene existing legal precedent.  If this Court's decision results in the OFCCP's Section 503 regulations being upheld, the entirety of the federal contractor community, along with the construction subset of that community, will be

required to engage in legally questionable conduct that will negatively affect the federal contracting workforce, and ultimately, the economy.

Because of the expansive nature of the OFCCP's regulatory authority over the federal contractor community, it is appropriate to consider the implications of the OFCCP's regulations on the entire regulated community, beyond the construction industry.  HR Policy is seeking to participate in this matter because the broader perspective of those outside of the construction industry should weigh on this Court's decision so as to not lose perspective of all industries in considering the ramifications of OFCCP's recent regulation.  Further reasons why HR Policy's *amicus* brief is desirable to this Court, and why the issues discussed are relevant to the disposition of the case, are more fully set forth in the attached brief.

## LOCAL RULE STATEMENT

HR Policy contacted counsel for Plaintiff and Defendant in a good faith effort to determine whether there is any opposition to this motion.  Counsel for Plaintiff has consented to the filing of this motion and the accompanying brief.  Counsel for Defendant has indicated that it takes no position on the filing of an *amicus* brief.

## CONCLUSION

For the reasons stated herein, HR Policy Association respectfully requests that their

motion for leave to file the accompanying *amicus* brief be granted, and that the Court consider

the brief as it weighs the motions for summary judgment in this case.

Dated: January 13, 2014.

Respectfully Submitted,

*/s/ David S. Fortney*
David S. Fortney [D.C. Bar #454943]
dfortney@fortneyscott.com
Burton J. Fishman [D.C. Bar # 290478]
bfishman@fortneyscott.com
FORTNEY & SCOTT, LLC
1750 K St., NW, Suite 325
Washington, D.C. 20006
Telephone:  (202) 689-1200
Facsimile:  (202) 689-1209

Daniel V. Yager, Of Counsel
dan.yager@hrpolicy.org
HR POLICY ASSOCIATION
1100 13th Street NW, Suite 850
Washington, D.C. 20005
Telephone:  (202) 789-8670
Facsimile:  (202) 789-0064

Attorneys for HR Policy Association

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

ASSOCIATED BUILDERS AND
CONTRACTORS, INC.

        Plaintiff,

        v.

PATRICIA A. SHIU, et. al

        Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 1:13-cv-01806-EGS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify, that on this 13th day of January, 2014, I filed the foregoing Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiff and the Brief of *Amicus Curiae* HR Policy Association in Support of Plaintiff and supporting Exhibits, to the Clerk of the United States District Court for the District of Columbia, using the CM/ECF system.  The CM/ECF system will automatically serve all counsel in this case.


Dated: January 13, 2014.                                 */s/ David S. Fortney*_____